# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00251-CR

**Jose Luis Regalado, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2020-874, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jose Luis Regalado of two counts of indecency with a child by contact. *See* Tex. Penal Code 21.11(a)(1). Regalado elected to have punishment assessed by the district court, which sentenced Regalado to 10 years' imprisonment and a $2,500 fine for each count, with the prison sentences to be served consecutively. This appeal followed.

Regalado's court-appointed counsel on appeal has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id*. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that she has provided Regalado with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and

supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). No pro se brief or other response has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The record in this case reflects that Regalado was charged with two counts of touching the genitals of his step-granddaughter K.M., who was approximately eight years old at the time the offenses occurred.

The case proceeded to a jury trial at which several witnesses testified, including K.M., who was approximately ten years old at the time of trial. K.M. testified that she would often visit and spend the night at her grandmother's apartment, where she would sometimes be alone with Regalado, her grandmother's husband. K.M. testified that around Thanksgiving 2019, Regalado, who K.M. called "Popo," touched her inappropriately three times, one time near and two times on her "private area," which K.M. identified as the part of the body "for like when you go to the restroom." Each time Regalado touched her in that area, K.M. was sitting on the couch in the living room with Regalado, watching television while her grandmother was in the shower, when Regalado "pulled [K.M.] to his lap" and "touched [her] private area" with "his finger and hand."

Other witnesses at trial included Detective Jason Tucker of the New Braunfels Police Department, who interviewed Regalado following his arrest. During the interview, Regalado denied touching K.M.'s vagina but acknowledged touching her upper thigh on one

2

occasion. The interview was recorded, and a copy of the video recording was admitted into evidence and played for the jury.

K.M.'s mother, C.O. (Mother), was the State's designated outcry witness. Mother testified that after Thanksgiving 2019, K.M. no longer wanted to spend time with Regalado. Also, K.M.'s behavior changed, in that she "went from a sweet, happy, bubbly little girl to just quiet, very, very quiet." K.M. "hardly came out of her room," "didn't want to eat," "didn't want to shower," "didn't want to play outside anymore," "didn't care about her appearance anymore," and "had a lot of anger." Sensing that something was wrong, Mother asked K.M. what had happened, and K.M. eventually told her that "Popo touched my private area." K.M. also provided more details, telling Mother: "We were at Grandma's, and I was sitting on the sofa, and he unbuttoned my pants and put his hand down into my panties and touched my private area." Mother asked K.M. how many times this had happened, and K.M. told her it happened three times. Mother immediately reported what K.M. had told her to the Children's Advocacy Center.

C.R. (Grandmother) testified that in 2019, K.M. spent Thanksgiving at her apartment. Grandmother went to take a shower and left K.M sitting on the couch watching a movie. Regalado was in the kitchen cooking. After Grandmother finished showering and got dressed, she heard K.M. say, "Stop. Leave me alone." Grandmother walked out of the room and saw K.M. standing near the front door, and she was visibly upset and angry. Grandmother asked her what was wrong, and K.M. told her, "Nothing." Grandmother then asked Regalado, who was now in the living room, "What happened? What did you do to her?" Regalado became "real angry" at Grandmother and yelled, "Nothing." Later that day, the three of them went to Mother's house for Thanksgiving dinner, and K.M. never returned to Grandmother's apartment.

3

The State's final witness was Cherri Mettler, a licensed professional counselor who provided counseling services to K.M. Mettler testified regarding the grooming behaviors of sexual abusers and regarding K.M.'s feelings and symptoms following the abuse.

The defense called two witnesses, K.M.'s father and her father's live-in girlfriend. K.M.'s father had custody of K.M. the week of Thanksgiving 2019 and dropped K.M. off at Grandmother's house on Thanksgiving Day. He testified that he did not observe any unusual behavior from K.M. at any time after Thanksgiving, and his girlfriend provided similar testimony.

At the conclusion of trial, the jury found Regalado guilty of two counts of indecency with a child by contact as charged. Following a hearing on punishment, at which the district court heard testimony from Mother, K.M., K.M.'s brother, and Regalado's sister, the district court sentenced Regalado to ten years' imprisonment and a $2,500 fine for each count as noted above.

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgments of conviction.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed: April 27, 2023

Do Not Publish